ERVIN, Judge.
Appellant, Chatfield Dean & Co. (“Chat-field”), appeals the trial court’s order denying Chatfield’s motion to compel appellee, Leslie Hawkins, to submit her damage claims against Chatfield to arbitration. We are unable to determine the basis for the trial court’s order and, therefore, reverse and remand for clarification.
Hawkins sued Chatfield, alleging mismanagement of her brokerage account. The latter produced a Customer Agreement Haw *356 kins had signed, in which she agreed to submit all controversies between the parties to arbitration. In her court action, Hawkins filed an affidavit, asserting that her agent asked her to sign the agreement two and one-half months after she opened the account, while characterizing the agreement to her as a mere formality. Hawkins complied, but asserted that she received nothing of value in return.
The trial court found that Hawkins’ description of how she executed the Customer Agreement raised a question as to the viability of the arbitration clause contained therein, and thus denied Chatfield’s motion to compel arbitration. The court did not articulate a legal basis for concluding that the arbitration clause was unenforceable, and we cannot determine the reason from the record before us.
We therefore reverse and remand this case with directions to the trial court to clarify its decision, reserving to the court the discretion whether to take additional evidence.
REVERSED and REMANDED for further proceedings.
MINER and VAN NORTWICK, JJ., concur.